**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW BLOCK, individually and on behalf of and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-cv-01717 |
| LIFEWAY FOODS, INC., an Illinois corporation, | ) ) ) | District Judge Matthew F. Kennelly |
| Defendant. | ) ) ) | Magistrate Judge Mary M. Rowland |

**REPLY MEMORANDUM OF DEFENDANT LIFEWAY FOODS, INC.
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT**

Francis A. Citera
Todd E. Pentecost
Brian D. Straw
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: 312-456-8400
Fax: 312-456-8425
citeraf@gtlaw.com
pentecostt@gtlaw.com
strawb@gtlaw.com

*Attorneys for Defendant
Lifeway Foods, Inc.*

Douglas A. Hass
Lifeway Foods, Inc.
Legal Department
6101 West Gross Point Road
Niles, Illinois 60714
Tel.: 847-957-1061
Fax: 847-453-9629
douglash@lifeway.net

## <u>TABLE OF CONTENTS</u>

ARGUMENT ......................................................................................................... 1

    A.    Plaintiff Lacks Standing To Assert Claims Under The Laws Of Any State

          Where There Is No Class Representative ................................................. 1

    B.    Plaintiff Cannot Assert ICFA Claims On Behalf Of Non-Illinois Residents

          Because He Does Not Allege Transactions Occurring In Illinois .......................... 4

    C.    The Complaint Fails To State Claims For Consumer Or Common Law

          Fraud ............................................................................................... 6

        1.    Plaintiff's ICFA Claim Is A Restated Breach Of Contract Claim ............. 6
        2.    Plaintiff's ICFA And Common Law Fraud Claims Fail To
            Sufficiently Allege Proximate Cause .................................... 8
        3.    Plaintiff's ICFA And Common Law Fraud  Claims Fail To
            Sufficiently Allege Damages .................................................. 10

    D.    Plaintiff's Warranty Claims Should Be Dismissed  For Failure To

          Adequately Allege Pre-Suit Notice ....................................................... 11

    E.    Plaintiff's Implied Warranty Claims Fail For Lack Of Privity ......................... 13

    F.    Plaintiff's Unjust Enrichment Claim Fails As A Matter of Law ....................... 14

    G.    Injunctive Relief Is Unavailable To Plaintiff ......................................... 14

CONCLUSION ...................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Adkins v. Nestle Purina PetCare Co.*,
    973 F. Supp. 2d 905 (N.D. Ill. 2013) ....................................................13

*Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.*,
    12 C 1920, 2014 WL 2459674 (N.D. Ill. June 2, 2014) ........................5

*Aliano v. Fifth Generation, Inc.*,
    2015 WL 5675423 (N.D. Ill. 2015) ...............................................9, 10

*Aliano v. Louisville Distilling Co., LLC*,
    115 F. Supp. 3d 921 (N.D. Ill. 2015) .............................................9, 11

*Allstate Ins. Co. v. Toyota Motor Mfg. North America, Inc.*,
    2009 WL 3147315 (N.D. Ill. Sep. 28, 2009) ......................................14

*Anthony v. Country Life Mfg., LLC.*,
    70 Fed. Appx. 379 (7th Cir. 2003).......................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................8

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) ..............................................................4, 6

*Baldwin v. Star Scientific, Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015) .....................................................2

*In re Bayer Phillips Colon Health Probiotic Sales Practices Litig.*,
    2014 WL 5776153 (D.N.J. Nov. 6, 2014) ...........................................13

*Bietsch v. Sergeant's Pet Care Products, Inc.*,
    15 C 5432, 2016 WL 1011512 (N.D. Ill. Mar. 15, 2016) .....................13

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ..............................................................14

*Catlin v. Hanser*,
    2011 WL 1002736 (S.D. Ind. Mar. 17, 2011)........................................2

*Cleary v. Philip Morris, Inc.*,
    656 F.3d 511 (7th Cir. 2011) ..............................................................14

*Connick v. Suzuki Motor Co.*,
    174 Ill. 2d 482 ...........................................................................10, 12, 13

*Crichton v. Golden Rule Ins. Co.*,
    576 F.3d 392 (7th Cir. 2009) ................................................................6

*In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*,
    2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ........................................2

*Davidson v. Worldwide Asset Purchasing, LLC*,
    914 F. Supp. 2d 918 (N.D. Ill. 2012)....................................................2

*Duffy v. Ticketreserve, Inc.*,
    722 F.Supp.2d 977 (N.D. Ill. 2010) ........................................................................8

*Greenberger v. GEICO General Ins.*,
    631 F.3d 392 (7th Cir. 2011) ...................................................................................8

*Greifenstein v. Estee Lauder Corp., Inc.*,
    2013 WL 3874073 (N.D. Ill. July 26, 2013)............................................................9

*Gubala v. CVS Pharmacy, Inc.*,
    14 C 9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016) ........................................6

*Haught v. Motorola Mobility, Inc.*,
    2012 WL 3643831 (N.D. Ill. Aug. 23, 2012) .......................................................5, 6

*Hedges v. Earth, Inc.*,
    2015 WL 1843029 (N.D. Ill. Apr. 21, 2015) ........................................................12

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
    2017 WL 2215025 ................................................................................................11

*In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*,
    955 F. Supp. 2d 1311 (S.D. Fla. 2013) ..............................................................9, 11

*Ibarrola v. Kind, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) ......................................................................13

*Johnson v. Wal-Mart Stores Inc.*,
    2016 WL 3753663 (S.D. Ill. July 14, 2016) .........................................................15

*Keith v. Ferring Pharm., Inc.*,
    2016 WL 5391224 (N.D. Ill. 2016) .................................................................12, 13

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
    571 F.3d 672 (7th Cir. 2009) ...................................................................................2

*Lambert v. Dollar Gen. Corp.*,
    2017 WL 2619142 (N.D. Ill. June 16, 2017) .......................................................7, 8

*Laurens v. Volvo Cars of N. Am., LLC*,
    2016 WL 5944896 (N.D. Ill. Oct. 13, 2016)..........................................................15

*McDonald v. Adamson*,
    840 F.3d 343 (7th Cir. 2016) .................................................................................11

*Morrison v. YTB International, Inc.*,
    649 F.3d 533 (7th Cir. 2011) ...............................................................................3, 5

*Muir v. Playtex Products, LLC*,
    983 F. Supp. 2d 980 (N.D. Ill. 2013) ......................................................................9

*Naiser v. Unilever U.S., Inc.*,
    975 F. Supp. 2d 727 (W.D. Ky. 2013)...................................................................14

*Payton v. Cty of Kane*,
    308 F.3d 673 (7th Cir. 2002) ...................................................................................2

*Pressalite Corp. v. Matsushita Elec. Corp. of Am.*,
2003 WL 1811530 (N.D. Ill. Apr. 4, 2003) ...........................................................7

*Reyes v. McDonald's Corp.*,
2006 WL 3253579 (N.D. Ill. Nov. 8, 2006) ........................................................13

*In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*,
155 F. Supp. 3d 772 (N.D. Ill. 2016) ..............................................................12, 14

*Sabo v. Wellpet, LLC*,
2017 WL 1427057 (N.D. Ill. Apr. 21, 2017) ......................................................10

*In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
2005 WL 3077606 (N.D. Ill. Nov. 14, 2005) ........................................................6

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
2006 WL 3754823 (N.D. Ill. Dec. 18, 2006) .........................................................7

*Shaw v Hyatt Int'l Corp.*,
461 F.3d 899 (7th Cir. 2006) ................................................................................8

*Siegel v. Shell Oil Co.*,
656 F. Supp. 2d 825 (N.D. Ill. 2009) ...................................................................10

*Simon v. Oltmann*,
2001 WL 1035719 (N.D. Ill. Aug. 31, 2001) ........................................................6

*Stella v. LVMH Perfumes & Cosmetics USA, Inc.*,
564 F. Supp. 2d 833 (N.D. Ill. 2008) ...................................................................12

*Stickle Enterprises, Ltd. v. CPC International, Inc.*,
1997 WL 767301 (N.D. Ill. Dec. 3, 1997) ........................................................6, 7

*Szajna v. General Motors Corp.*,
503 N.E.2d 760 (Ill. 1986) ..................................................................................14

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009) .........................................................................2, 3

*West v. Act II Jewelry, LLC*,
2016 WL 1073095 (N.D. Ill. Mar. 18, 2016) ........................................................5

**Statutes**

810 ILCS 5/2-607(3)(a) ...............................................................................................11

Plaintiff, an Illinois resident, alleges that in February 2017 he purchased Lifeway's Low Fat Kefir—Plain ("Plain Kefir"). The gravamen of Plaintiff's First Amended Complaint is that "Defendant advertised, marketed, sold and/or distributed Plain Kefir with the false representation that Plain Kefir is '99% lactose-free.'" (Compl. ¶ 1.) Notably, Plaintiff does not allege that he read any of the advertisements or labels that he describes in his Complaint prior to purchasing Plain Kefir this past February. Nor does he allege that he suffered any physical injury from ingesting Plain Kefir or that he paid a price premium. To the contrary, Plaintiff alleges that he purchased Plain Kefir for four years without complaint prior to bringing this action. Despite purchasing Plain Kefir for years without incident, Plaintiff nonetheless believes that the product's purported lactose content was so significant that he should be excused from the statutorily mandated pre-suit notice. Moreover, in spite of the fact that Plaintiff cannot plead fundamental elements of his claims, he asserts that he has standing to bring these claims not only under Illinois law, but also under the laws of all fifty states. For the reasons set forth below, Plaintiff's Complaint should be dismissed.

## ARGUMENT

### A. Plaintiff Lacks Standing To Assert Claims Under The Laws Of Any State Where There Is No Class Representative

Plaintiff who resides in, and purportedly suffered an injury in, Illinois purports to assert various state claims nationally. (Compl. ¶¶ 7, 39-41.) Indeed, Plaintiff purports to bring this action on behalf of both a national class and on behalf of a Multi-State Class, consisting of thirteen states, including Illinois. Although Plaintiff suggests that the consumer fraud statutes of these thirteen states are "similar . . . under the facts of this case as alleged herein," he offers no support for this claim. (Compl. ¶ 37, n. 12.) Plaintiff disregards the variations among the states' consumer protection laws, arguing instead that this is "an issue for the class

certification stage—not the pleading stage." (Response in Opposition to Lifeway's Motion to Dismiss ("Response" or "Resp.") at 5.) Plaintiff's request that the Court defer ruling on this threshold issue should be rejected. It is axiomatic that the named plaintiff must have standing for his claims, *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009), and Plaintiff cannot acquire standing for his claims by piggy-backing on the claims of putative class members. *Payton v. Cty of Kane*, 308 F.3d 673, 682 (7th Cir. 2002).

This Court should resolve the question of whether Plaintiff has standing to seek relief on behalf of a multi-state class now because class certification issues are not presently before the Court nor "logically antecedent" to Article III concerns here. *See Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 733-35 (N.D. Ill. 2015) (collecting cases). Class certification issues are not "logically antecedent" to standing when dispositive class certification issues are not before the court. *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 922 (N.D. Ill. 2012) (finding that "cases where standing has been raised before class certification motions are made are easily distinguishable from" cases finding that Article III standing issues should be deferred); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at *6-8 (N.D. Ill. Aug. 23, 2013) ("A court simultaneously facing both class certification and Article III standing [should] deal with Rule 23 issues first when they are dispositive, but not . . . postpone an inquiry into the threshold issue of justiciability outside of that context.") *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 154 (E.D. Pa. 2009) ("Courts do not wait for potentially dispositive issues to arise at later stages of litigation solely in an effort to postpone and avoid constitutional adjudication."); *Catlin v. Hanser*, 2011 WL 1002736, at *7 (S.D. Ind. Mar. 17, 2011) ("[B]ecause no class certification motion is pending, the Court will not defer its consideration of Catlin's Article III standing to bring claims under the state consumer fraud statutes.").

Plaintiff suggests that *Morrison v. YTB International, Inc.*, 649 F.3d 533 (7th Cir. 2011), requires a contrary finding. *Morrison*, however, is inapposite. The issue in *Morrison* was whether non-Illinois named plaintiffs could assert claims under the Illinois Consumer Fraud Act ("ICFA"). 649 F.3d at 536. Although the district court characterized this issue as one of standing, the Court of Appeals correctly determined that this was a "choice of law" issue because the ICFA is not extra-territorial. *Id.* ("If the [ICFA] does not apply because events were centered outside Illinois, then plaintiffs must rely on some other state's law; this application of choice-of-law principles has nothing to do with *standing*."). *Morrison* has no application here because the issue here is not whether Plaintiff (the only named party) has alleged an injury permitting him to invoke the ICFA, but rather whether Plaintiff has standing to pursue the state claims of non-resident putative class members. Put simply, just because the court in *Morrison* found that non-resident named plaintiffs had standing to assert claims under their states' laws, this does not mean that this Illinois Plaintiff has standing to assert claims under the laws of other states.

Delaying resolution of the standing issues will impose needless discovery obligations on Lifeway. As one court explained, if a court allows plaintiffs to bring claims of unnamed class members in jurisdictions where they have not suffered injuries, then plaintiffs will "embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share," which "would present the precise problem that the limitations of standing seek to avoid." *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. at 155. Like the court in *Wellbutrin*, this Court should refuse to "indulge in the prolonged and expensive implications of [delaying the Article III standing analysis]" as it will be "faced with the same problem months down the road." *See id.*

Accordingly, the Court should dismiss Plaintiffs' non-Illinois claims for lack of standing.

**B.** **Plaintiff Cannot Assert ICFA Claims On Behalf Of Non-Illinois Residents Because He Does Not Allege Transactions Occurring In Illinois**

With regard to Plaintiff's National Class, the *sole* allegation in the Complaint connecting transactions involving non-Illinois residents and Illinois is Plaintiff's allegation that "Defendant's deceptive practices involving the Plain Kefir were designed, established and initiated from Defendant's marketing and sales agents located in Illinois and were designed to be uniformly relied upon by consumers nationwide when they purchased the Plain Kefir." (Compl. ¶ 64.) Plaintiff's argument that "***all*** of the relevant fraudulent conduct by ***Defendant*** took place in Illinois" because "Defendant's fraudulent representations were made from Illinois and directed at out-of-state residents to induce them to purchase Plain Kefir at retail grocery stores and through consumer websites," (Response at pp. 6-7), is simply the same allegation repeated with different wording—*i.e.*, Lifeway "designed, established and initiated" a allegedly fraudulent scheme from its corporate headquarters in Illinois to deceive out-of-state consumers into purchasing Plain Kefir.

The single allegation that Lifeway is headquartered in Illinois and "created and ran" an allegedly deceptive marketing campaign from Illinois does ***not*** satisfy the requirement that Plaintiff allege facts demonstrating that the disputed transactions with out-of-state residents occurred "primarily and substantially" in Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 855 (Ill. 2005). Plaintiff does ***not*** allege that any out-of-state resident purchased Plain Kefir from a retailer in Illinois, viewed the allegedly deceptive advertising in Illinois or suffered any purported injury in Illinois. Indeed, Plaintiff's case is on all fours with the facts of *Avery*. *See* 835 N.E.2d at 854 (holding that the disputed transaction occurred outside of Illinois where the plaintiff resided in Louisiana, was in a car accident in Louisiana, had his car repaired

in Louisiana, was deceived in Louisiana and was damaged in Louisiana).

Viewed against the allegations in Plaintiff's Complaint, the cases cited by Plaintiff are easily distinguished because they each involved a direct transaction between an out-of-state plaintiff and an in-state defendant that occurred in Illinois. *See West v. Act II Jewelry, LLC*, 2016 WL 1073095, at *2 (N.D. Ill. Mar. 18, 2016) (plaintiff had direct communications with the defendant in Illinois, purchased supplies directly from defendant in Illinois, and alleged that defendant devised its fraudulent scheme in Illinois); *Morrison*, 649 F.3d at 535 (plaintiffs dealt directly with the defendant in Illinois, entered into the deals in Illinois, sent to and received payments from the defendant in Illinois and signed a contract with the defendant containing Illinois choice of law and forum selection provisions); *Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.*, 12 C 1920, 2014 WL 2459674, at *10 (N.D. Ill. June 2, 2014) (all contacts with defendant occurred in Illinois, defendant's deceptive representations were prepared in and issued from Illinois, defendant provided incentive payments from Illinois, and plaintiff's payments to defendant were made in Illinois).

Unlike each of these cases, Plaintiff does not allege that the non-Illinois putative class members had any direct relationship with Lifeway as opposed to their local retailers. Case law involving consumer purchases at local retailers is far more analogous to the facts here. For example, in *Haught v. Motorola Mobility, Inc.*, 2012 WL 3643831, at *4 (N.D. Ill. Aug. 23, 2012), the plaintiff was an Ohio resident who purchased a telephone from a third-party retailer outside of Illinois. While the plaintiff claimed that much of defendant's conduct occurred in Illinois, the court noted that the plaintiff's allegations of Illinois-based conduct boiled down to a single allegation that the defendant was headquartered in Illinois. *Id.*

At bottom, where, as here, the alleged purchases occurred outside of Illinois, the allegedly fraudulent representations were received outside of Illinois, and the alleged injuries

5

were incurred outside of Illinois, a party may not seek relief under the ICFA. *Id.* at 5; *see also Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396-97 (7th Cir. 2009) (holding that plaintiff could not sue under ICFA where "Crichton resides in Florida, received promotional insurance materials there, entered into and renewed his insurance there, submitted claims there, and was allegedly deceived there"); *In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2005 WL 3077606, at *2 (N.D. Ill. Nov. 14, 2005) ("There are no allegations that any plaintiff read any misrepresentation in Illinois, purchased any tools in Illinois, or had any contact with a Sears agent in Illinois."); *Avery*, 835 N.E.2d at 185 (the ICFA does not apply to "fraudulent transactions which take place outside of Illinois"). Consequently, Plaintiff's ICFA claim on behalf of a national class in Count I of the Complaint should be dismissed.

## C. The Complaint Fails To State Claims For Consumer Or Common Law Fraud

### 1. Plaintiff's ICFA Claim Is A Restated Breach Of Contract Claim

Plaintiff argues that his ICFA claim is not duplicative of his express warranty claim because it involves allegations of false labeling of a food product. (Response at pp. 8-9 (citing *Gubala v. CVS Pharmacy, Inc.*, 14 C 9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016).) Plaintiff cites *Gubala*, a case based on the entirely distinguishable allegation that CVS had included undisclosed, contaminating "non-protein ingredients" when calculating the amount of total protein, for the proposition that "[f]alse labeling of food products raises a quintessential consumer protection concern." *Id.* at *17. This statement in *Gubala*, however, is not supported by the case it cites, *Simon v. Oltmann*, 2001 WL 1035719 (N.D. Ill. Aug. 31, 2001). *Simon* involved a coupon redemption device to be used with arcade games and does not involve the false labeling of food. *Id.* at *1, 8. The nearest reference to food in *Simon* is its citation to *Stickle Enterprises, Ltd. v. CPC International, Inc.*, 1997 WL 767301 (N.D. Ill. Dec. 3, 1997).

In *Stickle*, the court held that allegations that the defendant deceptively sold **contaminated** animal feed that "would have resulted in carcinogenic material being introduced into the food chain in Europe . . . is certainly of concern to consumers." *Id.* at 4. No such allegations exist here. Other than the labeling allegations, Plaintiff has not alleged any dissatisfaction with the Plain Kefir he purchased, let alone that he suffered or could have suffered physical injuries from drinking it.

Plaintiff's other authority is even less persuasive. In *Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, 2003 WL 1811530 (N.D. Ill. Apr. 4, 2003), the court noted that "a mere breach of contract cannot be the premise of a fraud claim." *Id.* at *7. In that case, the court held that the plaintiff's alleged common law fraud claim was not duplicative of its express warranty claim because the plaintiff alleged not only that the defendant breached the contract, but also alleged that the defendant misrepresented that it had cured the breach and concealed a further defect in its products. *Id. Pressalite* stands for the unremarkable proposition that such extreme conduct can rise to the level of an ICFA violation. *Id.* No comparable allegations exist in this case.

Finally, contrary to Plaintiff's suggestion, *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2006 WL 3754823 (N.D. Ill. Dec. 18, 2006), is not "similar" to this case, as that decision does not even discuss the interplay between a breach of contract claim and an ICFA claim because the court had already dismissed the plaintiff's ICFA claim. *Id.* at *1. Rather, the court dismissed plaintiff's unjust enrichment claim grounded in fraud for failing to allege the requisite fraudulent conduct to support it. *Id.* at *3. Plaintiff's reliance on this decision is hardly persuasive.

The most persuasive authority regarding the interplay between an express warranty claim and an ICFA claim is also the most recent. In *Lambert v. Dollar Gen. Corp.*, 2017 WL 2619142 (N.D. Ill. June 16, 2017), the court dismissed plaintiffs' ICFA claim as "merely its breach of

7

express warranty claim clothed in different garb" because there was no "allegation of misrepresentation that Plaintiffs allege in Count III that they do not also allege as an express warranty in Count I." *Id.* at *6. The same is true here. Plaintiff not only identifies the same representation—"[t]he Plain Kefir is 99% lactose free"—as both the fraudulent misrepresentation and the express warranty breached, but also expressly incorporates ***all*** of the allegations of Plaintiff's ICFA claims in Counts I and III into Plaintiff's express warranty claim in Count IV.

It is simply not true, as Plaintiff asserts in his response, that "courts in this District routinely reject this argument." (Resp. at pp. 8-9.) Numerous courts, including the Seventh Circuit, have reached the opposite result. *See, e.g., Lambert*, 2017 WL 2619142, at *6; *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (dismissing ICFA claim that relied "exclusively on the express promises made by the Hyatt website . . . and therefore is based entirely on that breach of contract"); *Duffy v. Ticketreserve, Inc.*, 722 F.Supp.2d 977, 992 (N.D. Ill. 2010) (dismissing ICFA claim because it was "really an allegation that the Defendant failed to properly fulfill its contractual obligations"). Because an ICFA claim must allege "more than a garden-variety breach of contract," *Greenberger v. GEICO General Ins.*, 631 F.3d 392, 399 (7th Cir. 2011), Plaintiff's ICFA claims in Counts I and III of the Complaint should be dismissed.

### 2. Plaintiff's ICFA And Common Law Fraud Claims Fail To Sufficiently Allege Proximate Cause

Rather than actually addressing Lifeway's arguments, Plaintiff deflects and repeats his conclusory allegation that when he "purchased the Plain Kefir, he relied upon Lifeway's aforementioned representations that the Plain Kefir is '99% lactose free.'" (Compl. ¶ 40; Resp. at p. 10.) Conclusions, however, are not enough to satisfy federal pleading standards, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and Plaintiff does not dispute that he has failed to allege any facts demonstrating that he actually read any of the alleged representations that Plain

8

Kefir is "99% lactose free" before making his purchase.  (Resp. at p. 10.)

Plaintiff's own citations drive home that such an allegation is necessary to survive a motion to dismiss.  *See Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 932 (N.D. Ill. 2015) ("Aliano alleges that he purchased the whiskey based on statements he ***read*** on Louisville's website and the Angel's Envy bottle."); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1334 (S.D. Fla. 2013) ("Plaintiff Walker alleges that . . . '[p]rior to purchasing the product, [she] was exposed to and saw WFC's brain health representation by ***reading*** the Horizon Organic Fat–Free Milk plus DHA Omega–3 label.'"); *Muir v. Playtex Products, LLC*, 983 F. Supp. 2d 980, 985 (N.D. Ill. 2013) ("After ***reading*** the Product label, including Playtex's 'Proven # 1' claim, [Muir] purchased the Diaper Genie II Elite in reliance on the 'Proven # 1' claim.'"); *Greifenstein v. Estee Lauder Corp., Inc.*, 2013 WL 3874073, at *3 (N.D. Ill. July 26, 2013) ("Greifenstein's complaint alleges that she 'was exposed to and saw Defendants' wrinkle repair claims at the point-of-sale by ***reading*** the in-store Product display located on the shelf right next to the Product.'").

Plaintiff attempts to distinguish *Aliano v. Fifth Generation, Inc.*, 2015 WL 5675423, at *3 (N.D. Ill. 2015),[1] arguing that the plaintiff in that case only "generally alleged he reviewed 'research' that caused him to purchase the defendant's product without offering anything more." (Resp. at p. 11.)  Plaintiff is wrong.  In *Aliano v. Fifth Generation*, the plaintiff alleged that he "consulted internet websites, and product labels for various brands of vodka, ***including [the defendant's]***, and compared the representations . . . for each brand of vodka."  2015 WL 5675423, at *3. This is ***far*** more than Plaintiff in this case alleges, and yet the *Alliano* court still dismissed plaintiff's claims for failure to establish causation as required by the ICFA.  *Id.*

---

[1]      The complaints in *Aliano v. Fifth Generation, Inc.* and *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d at 932, are nearly identical.  As a result, Plaintiff's embrace of one case while attempting to distinguish the other is puzzling at best.

Unlike the allegations in *Aliano v. Fifth Generation*, Plaintiff fails to allege that he even read the Plain Kefir label prior to purchasing the product (not to mention that he apparently purchased it for four years without incident). Plaintiff's allegations are insufficient here, just as the allegations in *Aliano v. Fifth Generation* were.

Without providing a single specific allegation about what alleged misrepresentations he read or when he read them, Plaintiff fails to plead causation. *See, e.g.*, *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 832 (N.D. Ill. 2009); *Aliano*, 2015 WL 5675423 at *3; *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 495, 502. Thus, Plaintiffs ICFA and common law fraud claims in Counts I, III and VI of the Complaint should be dismissed.

### 3. Plaintiff's ICFA And Common Law Fraud Claims Fail To Sufficiently Allege Damages

Plaintiff asserts that he has sufficiently pled damages claiming that "the Complaint expressly alleges that he *'[paid]* a premium because [the Plain Kefir] was 99% lactose free.'" (Resp. at p. 12 (citing Compl. ¶ 41) (emphasis added).) ***This is a flat out mischaracterization***. Indeed, if one compares the text that appears in paragraph 40 of the Complaint (not paragraph 41 as indicated in the Response) to the allegation quoted in Plaintiff's Response, what Plaintiff actually alleges in this Complaint is that "[h]e was ***willing*** to pay a premium because it was 99% lactose free." (*Compare* Compl. at ¶ 40 *with* Resp. at p. 12 (emphasis added).)

The reason for Plaintiff's effort to recast his allegation is obvious: it is fatal to his claims. *See Sabo v. Wellpet, LLC*, 2017 WL 1427057, at *1, 3 (N.D. Ill. Apr. 21, 2017) (dismissing ICFA claim where plaintiff alleged that he was "willing to pay more" for American-made products but "stops short of alleging that he *in fact* paid more for defendant's pet products because he believed they were American-made" which is "too speculative to support an inference of actual damages" (emphasis in original)). Plaintiff's own authority shows why this

failure is fatal to his claims, as both the plaintiffs in those cases alleged that they **in fact** paid more for the allegedly offending products. *See, e.g., Aliano*, 115 F. Supp. 3d at 931 (damages sufficiently alleged where plaintiff pled he "**paid more than [he] would have** for the finished whiskey because of the deception" (emphasis added)); *In re Horizon Organic Milk*, 955 F. Supp. 2d at 1334 (damages sufficiently alleged where plaintiff pled she "has **paid a significant price premium**" (emphasis added)).

Plaintiff also fails to address the fact that he purchased Plain Kefir for four years before commencing this action without identifying any actual incident or injury, other than his vague post hoc assertions of economic injury. (Compl. at ¶ 39.) Because Plaintiff alleges that he purchased the product without a problem for four years, it is not plausible that his purchase in February 2017 resulted in an injury, given his past satisfaction with the product. Having failed to supply the requisite factual support for damages, Plaintiff's ICFA and common law fraud claims in Counts I, II and VI of the Complaint should be dismissed. Plaintiff's allegations do not satisfy the plausibility threshold under Rule 8, let alone Rule 9(b)'s particularity requirement.

### D. Plaintiff's Warranty Claims Should Be Dismissed For Failure To Adequately Allege Pre-Suit Notice

Plaintiff concedes that he failed to provide Lifeway with pre-suit notice of his claims as required by Section 2-607(3)(a) of the Illinois Uniform Commercial Code, 810 ILCS 5/2-607(3)(a). He instead argues that notice was excused because Lifeway supposedly had actual knowledge of the alleged defect. (Resp. at pp. 12-14.)[2] Plaintiff's only reference to "actual"

---

[2] Plaintiff's passing argument that notice is an affirmative defense is wrong. The case cited by Plaintiff, *McDonald v. Adamson*, 840 F.3d 343 (7th Cir. 2016), holds that collateral estoppel, not UCC pre-suit notice, is an affirmative defense. *Id.* at 347. Plaintiff's own case, *In re Herbal Supplements Mktg. & Sales Practices Litig.*, 2017 WL 2215025, holds that UCC pre-suit notice is not an affirmative defense and that "[f]ailure to plead adequate notice results in dismissal." *Id.* at *9.

knowledge is a misplaced reference to a fourteen year-old study by Ohio State University ("OSU"). Yet, as explained in Lifeway's opening brief (but ignored by the Plaintiff), that study involved a different product than the Plain Kefir at issue in this litigation. (*Compare* Dkt. No. 23-1 *with* Exhibit A hereto.) Even assuming, *arguendo*, that the OSU study involved the Plain Kefir purchased by Plaintiff fourteen years later, Lifeway's knowledge of the OSU study is not sufficient to excuse pre-suit notice, because Lifeway would still lack knowledge of a defect in the "***particular product***" (*i.e.*, the Plain Kefir) purchased by a "***particular buyer***" (i.e., Plaintiff) as required by Illinois law. *Connick*, 675 N.E.2d at 590 (emphasis added). Relying on *Connick*, the Seventh Circuit has held that a defendant's "knowledge of its own ingredients is insufficient under Illinois law to constitute actual knowledge of the alleged defect." *Anthony v. Country Life Mfg., LLC.*, 70 Fed. Appx. 379, 384 (7th Cir. 2003).

Plaintiff's reliance on *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d 772 (N.D. Ill. 2016), *Hedges v. Earth, Inc.*, 2015 WL 1843029 (N.D. Ill. Apr. 21, 2015), and *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833 (N.D. Ill. 2008), is misplaced. In *In re Rust-Oleum*, the plaintiffs alleged that they each provided some type of pre-suit notice to the defendant before filing suit. 155 F. Supp. 3d at 800. *Hedges* and *Stella* are favorable to Lifeway's position. *Hedges* states that "the actual knowledge exception is not satisfied just because a company is aware of third-party reports criticizing a product line," 2015 WL 1843029, and *Stella* observes that the knowledge required is knowledge of a defect of a "particular product." 564 F. Supp. 2d at 837.

Plaintiff next argues that because Plain Kefir is intended for human consumption, timely notice is not required. However, the only Northern District of Illinois case Plaintiff cites, *Keith v. Ferring Pharm., Inc.*, 2016 WL 5391224 (N.D. Ill. 2016), does not stand for that proposition. Rather, *Keith* simply states that "[i]n the context of goods sold for human ingestion, ***some courts***

12

*have held* that timely notice is not required." *Id.* at \*6 (citing decisions from California and New York (emphasis added)).  In this District, the fact that "the goods sold were for human ingestion" is irrelevant to the analysis because the only exceptions to the notice requirement are when the plaintiff alleges a physical injury or when the defendant had actual knowledge of "the trouble with the particular product purchased by a particular buyer."  *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015); *Connick*, 675 N.E.2d at 590.  Courts routinely dismiss warranty claims involving goods sold for human ingestion for a lack of pre-suit notice where no personal injury was alleged. *See, e.g., Ibarrola*, 83 F. Supp. 3d at 760 (dismissing a warranty claim regarding Vanilla Blueberry Clusters for failure to satisfy the notice requirement"); *Reyes v. McDonald's Corp.*, 2006 WL 3253579, at \*3 (N.D. Ill. Nov. 8, 2006) (dismissing warranty claims regarding McDonald's French fries for failure to satisfy the notice requirement).

Plaintiff never alleges that Lifeway had actual knowledge of the alleged defect—that the Plain Kefir was not "99% Lactose Free."  Accordingly, pre-suit notice was required and Counts IV and V of the Complaint should be dismissed.

### E. Plaintiff's Implied Warranty Claims Fail For Lack Of Privity

Plaintiff argues that there is no privity requirement for its implied warranty claims because they involve food sold in a sealed container.  (Resp. at p. 14.)  However, this exception to the privity requirement is limited to cases where the plaintiff alleges physical injury.  *In re Bayer Phillips Colon Health Probiotic Sales Practices Litig.*, 2014 WL 5776153, at \*8 (D.N.J. Nov. 6, 2014) (holding that the privity exception for goods sold for human consumption requires allegations of physical injury).  Indeed, both the cases cited by Plaintiff involved allegations of physical injury.  *See Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 911 (N.D. Ill. 2013) ("Shortly after being fed these treats, and without any other change in diet, plaintiffs' dogs became ill or died."); *Bietsch v. Sergeant's Pet Care Products, Inc.*, 15 C 5432, 2016 WL

1011512, at *1 (N.D. Ill. Mar. 15, 2016) ("[C]ontrary to the representations on the packaging, the Pur Luv Treats do not dissolve or break down upon ingestion, remaining as 'rock-hard chunks' and causing bowel obstructions, other serious injuries, and even death.").[3]  There is no exception to the privity requirement where, as here, the plaintiff alleges only economic loss as opposed to personal injuries.  *Szajna v. General Motors Corp.*, 503 N.E.2d 760, 762-63 (Ill. 1986); *Allstate Ins. Co. v. Toyota Motor Mfg. North America, Inc.*, 2009 WL 3147315, at *2 (N.D. Ill. Sep. 28, 2009).  As such, Plaintiff's claimed exception to the privity requirement is inapplicable.

### F.    Plaintiff's Unjust Enrichment Claim Fails As A Matter of Law

Plaintiff claims that his unjust enrichment claim is pled in the alternative to his express warranty claim.  This is incorrect.  Plaintiff's unjust enrichment claim incorporates by reference the assertion that "Defendant's labels and advertisements for Plain Kefir . . . violate almost every state warranty . . . law in the United States."  (Compl. ¶¶ 2, 111.)  Thus, the unjust enrichment claim in Count VII must be dismissed as duplicative of a contract claim.  Moreover, even if the Court does not dismiss Plaintiff's unjust enrichment claim as duplicative, it must fail along with his related ICFA claims.  *See Spector*, 178 F.Supp.3d at 674; *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim.")

### G.    Injunctive Relief Is Unavailable To Plaintiff

"Without more than the speculative claim that he will again be harmed by [the defendant], [a plaintiff] is not entitled to injunctive relief."  *Camasta v. Jos. A. Bank Clothiers,*

---

[3]    Plaintiff also includes a passing reference to *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d at 807, and *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013).  Neither of these cases analyzed the privity requirements for an implied warranty claim under Illinois law.

*Inc.*, 761 F.3d 732, 741 (7th Cir. 2014). Contrary to Plaintiff's assertion, (Resp. at p. 15), the majority of cases analyzing *Camasta* have found that injunctive relief is not available where Plaintiff has sufficient information to avoid future harm. *See, e.g.*, *Laurens v. Volvo Cars of N. Am., LLC*, 2016 WL 5944896, at *2 (N.D. Ill. Oct. 13, 2016) ("[W]here a request for an injunction is based solely on conjecture that because a defendant harmed a person in the past that it is likely to harm that person in the future, injunctive relief is not appropriate."); *Johnson v. Wal-Mart Stores Inc.*, 2016 WL 3753663, at *3 (S.D. Ill. July 14, 2016) ("knowledge of the retailer's practice . . . was sufficient to avoid future harm because, armed with that knowledge, the consumer could refuse to do business with that retailer). Plaintiff is precluded from seeking injunctive relief because he cannot claim a likelihood of future harm. If Plaintiff believes his allegations he will simply stop purchasing Lifeway products and have no chance of suffering purported future harm. *Johnson*, 2016 WL 3753663, at *3.

## CONCLUSION

For all of the foregoing reasons, Lifeway respectfully requests that the Court dismiss the claims asserted in the Complaint against Lifeway in their entirety, *with prejudice*.

Dated: July 17, 2017                         LIFEWAY FOODS, INC.


By: /s/  Francis A. Citera
                            One of Its Attorneys

Francis A. Citera
Todd E. Pentecost
Brian D. Straw
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Tel:  312-456-8400
Fax:  312-456-8425
citeraf@gtlaw.com
pentecostt@gtlaw.com
strawb@gtlaw.com

Douglas A. Hass
Lifeway Foods, Inc.
Legal Department
6101 West Gross Point Road
Niles, Illinois 60714
Tel.:  847-957-1061
Fax:  847-453-9629
douglash@lifeway.net

*Attorneys for Defendant*
*Lifeway Foods, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2017, a true copy of the foregoing **Reply Memorandum of Defendant Lifeway Foods, Inc. in Support of Its Motion to Dismiss Plaintiff's First Amended Class Action Complaint** was served electronically upon all counsel of record by the Electronic Case Filing system of the Court.

<u>  /s/  Francis A. Citera            </u>