# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW BLOCK, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIFEWAY FOODS, INC., )<br>)<br>Defendant. ) | Case No. 17 C 1717 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Andrew Block has filed a class action complaint against Lifeway Foods, Inc., alleging that the company made fraudulent misrepresentations while marketing its kefir products. Lifeway has moved to dismiss all seven counts in Block's complaint. For the reasons stated below, the Court dismisses counts 4 and 5 and otherwise denies Lifeway's motion.

## Background

The Court takes the facts from the allegations in Block's complaint.

Lifeway is an Illinois corporation that manufactures and distributes products such as smoothie drinks, cheese, and supplements. The company focuses on providing probiotic and nutritious foods. Its "flagship" product is kefir, "a tart and tangy cultured milk smoothie that is high in protein, calcium, and vitamin D." Am. Compl. ¶¶ 20–21. Lifeway's website states that all of its kefir products are 99% lactose-free. Labels for its kefir products—such as the plain, low-fat kefir—likewise state that the product is 99%

lactose-free. As a result, Lifeway charges $2.50 for 32 ounces of kefir, approximately the same price consumers pay for 128 ounces (a gallon) of regular milk.

In February 2017, Block purchased Lifeway's plain, low-fat kefir from a grocery store in McHenry County. Block wished to purchase a product that contained "little to no lactose" and chose Lifeway's kefir based on the company's statements that it is 99% lactose-free. He later learned that the kefir actually contains close to 4% lactose, which is similar to the percentage of lactose in regular milk. Further, Block alleges that Lifeway knew that its plain, low-fat kefir is not 99% lactose-free and that the company deliberately made false or misleading statements while advertising the product in order to charge a premium for a lactose-free product. In doing so, Block points to a study Lifeway funded that was conducted at the Ohio State University in 2003 which allegedly determined that Lifeway's kefir drinks contained approximately 4% lactose. *Id.* ¶ 29.

Block then filed this class action complaint against Lifeway. He alleges that he and others were misled by Lifeway's misrepresentations regarding its plain kefir and that they would have purchased other "99% lactose-free" products had they known Lifeway's kefir contained 4% lactose. Am. Compl. ¶ 9. Block proposes certification of three classes:

> National Class: All persons within the United States who purchased and consumed the Plain Kefir from the beginning of any applicable limitations period through the date of class certification (the "National Class" or the "Class").
>
> Consumer Fraud Multi-State Class: All persons in the States of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Rhode Island, Washington and Wisconsin who purchased and consumed the Plain Kefir from the beginning of any applicable limitations period through the date of class certification (the "Consumer Fraud Multi-State Class").[ ]
>
> Illinois Sub-Class: All persons in Illinois who purchased and consumed

the Plain Kefir from the beginning of any applicable limitations period
through the date of class certification (the "Illinois Sub-Class").

*Id.* ¶ 44.

Block brings seven claims against Lifeway. In count 1, he alleges on behalf of the proposed national class that Lifeway's false statements regarding its plain kefir violate the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). In count 2, which Block brings in the alternative to count 1, he alleges on behalf of the proposed consumer fraud multi-state class that Lifeway's false statements regarding its plain kefir violate the various consumer fraud laws of the thirteen states named in that class. In count 3, which Block brings in the alternative to counts 1 and 2, he alleges on behalf of the Illinois sub-class that Lifeway's false statements regarding its plain kefir violate the ICFA. In count 4, Block alleges on behalf of the national class and the Illinois sub-class that Lifeway breached its express warranty to consumers that its plain kefir is 99% lactose-free. In count 5, Block alleges on behalf of the national class and the Illinois sub-class that Lifeway likewise breached its implied warranties that its plain kefir was fit for its ordinary use and for its particular purpose. Am. Compl. ¶¶ 95–96. In count 6, Block alleges on behalf of the national class and the Illinois sub-class that Lifeway's misrepresentations constitute common-law fraud. In count 7, Block alleges on behalf of the national class and the Illinois sub-class that Lifeway has been unjustly enriched as the result of its fraudulent statements. Block requests injunctive relief, actual damages, punitive damages, attorneys' fees and litigation costs, and pre- and post-judgment interest.

## Discussion

Lifeway has moved to dismiss each of the counts in Block's class action

3

complaint. It contends that Block has failed to state a claim that would permit him to pursue certification of the national class and that he lacks standing to pursue the consumer fraud multi-state class. Lifeway also argues that Block has failed to state a claim for consumer fraud under the ICFA or for common-law fraud. The company contends that both claims for breach of warranty are deficient because Block has not alleged that Lifeway had notice of his claims, and the claim for breach of implied warranty is deficient because Block has not alleged that he was in privity with Lifeway. And Lifeway argues that the unjust enrichment claim must be dismissed because Block has alleged the existence of a contract between the parties. Finally, Lifeway asks the Court to strike Block's request for injunctive relief.

When considering a motion to dismiss, the Court takes as true all well-pled facts and views them in the light most favorable to the plaintiff. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The plaintiff must "plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 395 (7th Cir. 2009) (internal quotation marks omitted). Further, Block's fraud-based claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and therefore must be pled with particularity. *See id.*

**A.    Classes**

Block proposes three classes: a national class, a consumer fraud multi-state class, and an Illinois sub-class. He also alleges three counts of statutory consumer fraud in the alternative based on each proposed class. Which of these claims proceeds will depend on which (if any) proposed class the court ultimately certifies. At this stage,

Lifeway challenges Block's ability to pursue class-wide claims on behalf of both the national class and the consumer fraud multi-state class.

### 1. National class (count 1)

Lifeway argues that Block cannot pursue an ICFA claim on behalf of a national class of consumers because the members of this class who are not residents of Illinois cannot bring a claim under the ICFA. Under Illinois law, an out-of-state consumer can pursue a claim under the ICFA only if "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 187, 835 N.E.2d 801, 853–54 (2005). Lifeway argues that the non-Illinois residents in the potential national class cannot meet this standard because they purchased their kefir from grocery stores and distributors in other states.

The Seventh Circuit has indicated, however, that the question of whether unnamed potential plaintiffs can pursue claims under the ICFA is not appropriate for resolution at the motion to dismiss stage. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 538 (7th Cir. 2011). The court in *Morrison* noted that "*Avery*'s standard is not exactly self-defining" and that the Illinois Supreme Court has indicated that "each case must be decided on its own facts." *Id*. The court went on to indicate that, even where the complaint does not "contain enough to point unerringly to Illinois law," it will survive a motion to dismiss if "the complaint does not defeat application of Illinois law." *Id*. Here, the complaint does not defeat the application of Illinois law to claims by non-resident consumers. Block does not allege where these unnamed consumers purchased Lifeway's kefir, nor does he make any allegations regarding their interactions with the company. Thus the allegations in the complaint do not clearly demonstrate that the

circumstances relating to these purchases did not occur primarily and substantially in Illinois.

Further, the impropriety of considering at this stage whether the claims of unnamed potential plaintiffs can proceed under the ICFA follows logically from the principle that "until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). Thus the Court need only consider whether Block, the named plaintiff, has alleged a valid claim under the ICFA. Block is an Illinois resident who purchased his kefir from a grocery store in Illinois. He has therefore alleged that the circumstances relating to his transaction occurred substantially in Illinois. Lifeway does not argue otherwise. The Court denies Lifeway's motion to dismiss the national class claim in count 1.

### 2. Consumer fraud multi-state class (count 2)

Lifeway next challenges Block's proposed consumer fraud multi-state class. It contends that Block, a resident of Illinois, lacks standing to pursue claims of non-Illinois residents under the consumer fraud laws of other states. Block argues that this argument "conflates Article III standing with the typicality, commonality and predominance inquiries required by Rule 23, which are not addressed at the pleading stage." Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Pl.'s First Am. Class Action Compl. at 1.

Courts in this district disagree regarding whether a named plaintiff's ability to bring claims under the laws of other states should be resolved at the motion to dismiss stage or during class certification. *See In re Herbal Supplements Mktg. & Sales*

*Practices Litig.*, No. 15-CV-5070, 2017 WL 2215025, *6 (N.D. Ill. May 19, 2017) (citing cases). The Seventh Circuit's ruling in *Morrison*, however, supports Block's contention that the issue is better addressed at class certification. There, the district court held that all potential class members who resided outside of Illinois lacked standing to pursue claims under the ICFA. *Morrison*, 649 F.3d at 535. The Seventh Circuit vacated the judgment, stating "[t]here's no problem with standing." *Id.* at 536. In doing so, the court indicated that whether a named plaintiff alleging class fraud claims can rely on the law of a single state (as Block seeks to do in count 1) or must use the laws of each plaintiff's state of residence is a choice-of-law issue and not an issue of standing. *Id.* The court emphasized that, in order to demonstrate standing under such circumstances, named plaintiffs need only show that they have suffered an injury caused by the defendant that is redressable by a judicial decision. *Id.*

Block, the only named plaintiff, has adequately alleged the elements of standing. He alleges that he purchased Lifeway's kefir based on the company's statements that it is 99% lactose-free and that he would not have done so had he known that the statements were false. Thus he has adequately that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The Court agrees with judges in this district who have likened Lifeway's challenge to an attack on Block's "ability under Rule 23 to represent the multi-state class"—a question best left for class certification—rather than a question of standing. *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1009 (N.D. Ill. 2015)

7

(Feinerman, J.). Once the parties have briefed the requirements of class certification, the Court will be in a better position to determine whether Block can adequately represent those non-Illinois residents pursuing claims under the laws of other states and whether the claims of all potential plaintiffs are suitable for class-wide resolution. Therefore the Court denies Lifeway's motion to dismiss count 2.

**B.    ICFA and common-law fraud claims (counts 1, 3, and 6)**

Block asserts two claims of consumer fraud under the ICFA—each in the alternative on behalf of a different proposed class—and one claim of common-law fraud under Illinois law. Lifeway asks the Court to dismiss these three claims for failure to state a claim on three grounds: (1) the ICFA claims are improper restatements of a breach of contract claim; (2) Block failed to adequately allege injury to support the three claims; and (3) Block failed to adequately allege damages to support the three claims.

### 1.    Restatement of breach of contract claim

"A breach of a contractual promise, without more, is not actionable under the Consumer Fraud Act." *Burress-Taylor v. Am. Sec. Ins. Co.*, 2012 IL App (1st) 110554, ¶ 29, 980 N.E.2d 679, 688. Thus a plaintiff's allegation of a deceptive act or practice must be "more than the mere fact that a defendant promised something and then failed to do it." *Id.* ¶ 32, 980 N.E.2d at 688. This "type of 'misrepresentation' occurs every time a defendant breaches a contract" and does not support a claim of fraud. *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). Lifeway contends that Block alleges only that it promised to provide kefir that was 99% lactose-free and failed to do so and therefore that his ICFA claims cannot survive.

But a promise to perform future conduct can give rise to a claim of fraud "if the

8

false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *Unicus Performance Training, LLC v. Johnson*, 2011 IL App (1st) 110204-U, ¶ 24 (internal quotation marks omitted). Block's claim falls into this category. He alleges that Lifeway intended to con its customers into spending more on kefir by knowingly misrepresenting that its kefir was 99% lactose-free. Thus Lifeway's alleged failure to provide kefir that met this requirement is more than just a failure to perform. It is the very scheme Lifeway is claimed to have used to achieve its fraud.

The Court also recognizes that in some other cases, consumers have brought consumer fraud claims against food manufacturers based on discrepancies between the quality of the food and the manufacturer's representations that are so minor as to be immaterial. Block's allegation that Lifeway's plain, low-fat kefir contains 4%—instead of less than 1%—lactose may seem on its face to constitute a similarly immaterial discrepancy. But Block alleges that he purchased Lifeway's kefir because it is nearly lactose-free and he wanted the health benefits that come from not consuming lactose. Products with 4% lactose—such as regular milk—are anything but lactose-free. Thus this alleged difference in percentage of lactose is not marginal or immaterial. Further, Lifeway does not seek dismissal on this basis.

The Court therefore denies Lifeway's motion to dismiss counts 1 and 3 on the ground that these claims merely restate a breach of contract claim.

### 2. Actual damage

In order to pursue a claim under the ICFA, the plaintiff must suffer "actual damage." *DOD Techs. v. Mesirow Ins. Servs., Inc.*, 381 Ill. App. 3d 1042, 1051, 887 N.E.2d 1, 9 (2008). In *Flournoy v. Ameritech*, 351 Ill. App. 3d 583, 814 N.E.2d 585

9

(2004), the court found that the plaintiff had met this requirement. He alleged that (1) the defendant engaged in a deceptive practice for the purpose of collecting fees; (2) the defendant intended that its customers rely on the deception; and (3) the plaintiff paid the cost of the fraudulent fees. *Id.* at 587–88, 814 N.E.2d at 588–89. Block has made similar allegations. He alleges that Lifeway made fraudulent statements for the purpose of charging more for a 99% lactose-free product; Lifeway intended that its customers rely on the fraudulent statements; and he paid for the kefir based on the company's representation that it was 99% lactose-free. Am. Compl. ¶¶ 7, 23–25, 28, 40–41. Finally, Block alleges that he would not have purchased Lifeway's kefir had he known the statements were false. *Id.* ¶ 42. He has alleged that he suffered actual damages as a result of Lifeway's fraud.

Lifeway argues that, to allege damages, Block must do more than allege that he would not have purchased the kefir had he known about the fraudulent statements. Mem. of Law in Support of Def.'s Mot. to Dismiss Pl.'s First Am. Class Action Compl. at 10. In doing so, Lifeway cites cases from this district such as *Sabo v. Wellpet, LLC*, No. 16 C 8550, 2017 WL 1427057 (N.D. Ill. Apr. 21, 2017), to argue that Block must expressly state that he paid more for Lifeway's kefir than he would have paid for a product that was not 99% lactose-free. The Court first notes that other cases from this district are not binding. Further, Lifeway misstates the holding of *Sabo*. Although the court did note that the plaintiff in that case did not allege that the defendant charged more for its products based on its fraudulent representations, the court also emphasized that the plaintiff "does not allege that he would not have bought defendant's [ ] products had he known" the company's representations were false. *Sabo*, 2017 WL 1427057 at

10

*3. Here, Block expressly states that he would not have bought Lifeway's product had he known it was not in fact 99% lactose-free. Am. Compl. ¶ 42. This is sufficient to allege that he has suffered actual damage.

Finally, Lifeway argues that Block has failed to allege actual damage because he has not expressly alleged that Lifeway charges more for its kefir because of the representation that it is 99% lactose-free. But Block alleges that consumers pay a high premium for kefir products that they otherwise would not pay if they purchased a gallon of regular milk with the same amount of lactose. *Id.* ¶ 21. He also alleges that Lifeway advertises that its kefir is 99% lactose-free in order "to pump sales of its 'kefir' products." *Id.* ¶ 23. Block has therefore adequately alleged that Lifeway is able to charge the same price for 32 ounces of kefir that consumers pay for 128 ounces of milk—despite the fact that they have the same percentage of lactose—only because the company represents that its kefir is 99% lactose-free.

The Court therefore denies Lifeway's motion to dismiss counts 1, 3, and 6 on this ground.

### 3. Causation

Finally, Lifeway argues that Block failed to adequately allege causation because he does not say that he read either the website or the product labels that contained the alleged misrepresentation. But Block is required to allege only that he purchased the kefir based on Lifeway's misrepresentations and that he would not have purchased it if he had known otherwise. *See Capiccioni v. Brennan Naperville, Inc.*, 339 Ill. App. 3d 927, 938, 791 N.E.2d 553, 562 (2003). Block alleges that, "[w]hen [he] purchased the Plain Kefir, he relied upon Lifeway's aforementioned representations that the Plain Kefir

is '99% lactose free.'" Am. Compl. ¶ 40. He also alleges that he and other potential class members "would have purchased other '99% lactose free' products, if any at all, if they had not been deceived" by Lifeway's statements. This is sufficient to satisfy the "minimal" required allegation of proximate cause. *Connick*, 174 Ill. 2d at 504, 675 N.E.2d at 595. The Court therefore denies Lifeway's motion to dismiss counts 1, 3, and 6 on this ground.

**C.     Breach of warranty claims (counts 4 & 5)**

Lifeway contends that the Court must dismiss Block's claims for breach of express and implied warranties because he failed to notify Lifeway of his claims. In order to recovery for breach of warranty under Illinois law, the buyer "must directly notify the seller of the troublesome nature of the transaction or be barred from recovering." *Id.* at 492, 675 N.E.2d at 589; *see also* 815 ILCS5/2-607(3)(a). A buyer is excepted from this notice requirement only where (1) the seller has actual knowledge of the defect of the particular product; or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty. *Connick*, 174 Ill. 2d at 492, 675 N.E.2d at 589.

Block contends that Lifeway had actual notice of the fact that its plain, low-fat kefir was not 99% lactose-free by virtue of the study it funded that concluded that its kefir products contain 4% lactose. But Block must allege more than simply that Lifeway was generally aware of problems with the particular product line. *Anthony v. Country Life Mfg., LLC*, 70 F. App'x 379, 384 (7th Cir. 2003). He must allege that Lifeway was apprised of the trouble with the particular product that he purchased. *Id.* As the Illinois Supreme Court has described it, "it is essential that the seller be notified that *this*

*particular transaction* is troublesome and must be watched." *Connick*, 174 Ill. 2d at 493, 675 N.E.2d at 590. Thus the seller must be aware of the buyer's claim that particular facts constitute a breach. *Id.* at 494, 675 N.E.2d at 590. The study performed by the Ohio State University did not inform Lifeway of Block's claim that the increased amount of lactose in the kefir he purchased constitutes a breach of warranty. Therefore Block has not adequately alleged that Lifeway had actual knowledge of the defect.

The Court recognizes that other judges in this district have considered similar facts and concluded that a company's awareness that an entire product line does not conform to its representations about the product is sufficient to allege actual knowledge. *See, e.g.*, *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 837 (N.D. Ill. 2008) (Bucklo, J.). This Court is not bound by those rulings and, respectfully, believes that they run contrary to the principles outlined in *Connick* and *Anthony*. In *Connick*, the plaintiff alleged that the defendant had actual knowledge of the product's alleged safety risks because the defendant was aware of a report by Consumers Union, a consumer watchdog organization, that rated the product as "not acceptable" based on safety concerns. *Connick*, 174 Ill. 2d at 488, 493, 675 N.E.2d at 588, 590. The court concluded that this report and other articles regarding the product's safety were insufficient to provide the defendant with actual knowledge "of the alleged breach of the particular products purchased by the named plaintiffs in this lawsuit." *Id.* at 494, 675 N.E.2d at 590. The court reached this conclusion despite the fact that the Consumers Union report specifically identified the very safety risk that named plaintiffs complained of in their suit. *Id.* at 488–89, 675 N.E.2d at 588. The purpose of this strict notice requirement, the court said, is to give effect to the UCC's preference that a breach that

does not result in personal injury be cured without a lawsuit.  *Id.* at 495, 675 N.E.2d at 590–91.  A company that is generally aware of problems with a particular product line will still be unable to resolve breach of warranty claims without a lawsuit if it is unaware which consumers claim to have suffered a breach.  Because Block does not allege that he suffered a personal injury from purchasing and consuming Lifeway's kefir, his failure to notify Lifeway of his concern with his particular purchase defeats his claims for breach of warranties.  The Court grants Lifeway's motion to dismiss counts 4 and 5.

Because the Court is granting Lifeway's motion to dismiss count 5 based on lack of notice, it is unnecessary to consider Lifeway's argument that Block's claim for breach of implied warranty also fails due to lack of privity.

### D.     Unjust enrichment (count 7)

Lifeway argues that Block cannot bring a claim of unjust enrichment because he alleges the existence of a contract by virtue of his claims of breach of warranty.  Illinois courts have held that "where there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application."  *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604, 836 N.E.2d 681, 704 (2005).  Thus a plaintiff may not recover on both a claim of unjust enrichment and a claim that relies on the existence of a contract, such as breach of warranty.  But a plaintiff may *plead* claims based on the existence of a contract and a claim of unjust enrichment in the alternative, even though he may not ultimately recover under both theories.  *Id.*  Thus Block is permitted to plead unjust enrichment as long as he does not "include allegations of an express contract . . . in the count[ ] for unjust enrichment."  *Id.*  Block's complaint expressly states that he brings his unjust enrichment claim in the alternative to his breach of warranty claims.

14

Am. Compl. ¶¶ 111–15.  Further, although his unjust enrichment claim "incorporates by reference paragraphs 1 through 54" of his complaint," *id.* ¶ 111, none of these incorporated paragraphs allege that a contract existed between the parties or refer to Lifeway's alleged breach of warranties.  Block has therefore appropriately pled his unjust enrichment claim as an alternative to his breach of contract claims.[1]

Lifeway also argues that, because Block's unjust enrichment claim is premised on the same allegations of deception underlying his fraud claims, Block's failure to state a claim for fraud also defeats his claim for unjust enrichment.  But as discussed above, Block has sufficiently alleged his claims of fraud.  The Court denies Lifeway's motion to dismiss count 7.

**E.    Injunctive relief**

Lifeway also asks the Court to strike Block's request for injunctive relief for lack of standing.  It argues that, because Block is now aware that Lifeway's kefir is not 99% lactose-free, he does not face any likelihood of future injury from Lifeway's statements.

The Court declines to address Lifeway's request at this stage of the proceedings.  Block's request for injunctive relief is not a "claim"—it is a request for relief that is one part of many claims.  Block requests both an injunction and damages for six of his seven claims and requests only restitution for his unjust enrichment claim.  Thus a determination in Lifeway's favor would not result in dismissal of Block's suit or even of any particular claim.

Further, although an individual plaintiff ordinarily must demonstrate standing for

---

[1] The Court further notes that it has dismissed the claims for breach of warranties, and thus the complaint no longer contains claims based on the existence of a contract.

15

each type of relief requested, the Seventh Circuit sometimes declines to resolve the issue at this stage. Ordinarily, a consumer who is aware of the company's fraudulent statements cannot pursue injunctive relief based on those misrepresentations. *Conrad v. Boiron, Inc.*, No. 16-3656, 2017 WL 3623960, *5 (7th Cir. Aug. 24, 2017). But in *Laurens v. Volvo Cars of North America, LLC*, No. 16-3829, 2017 WL 3598070 (7th Cir. Aug. 22, 2017), the Seventh Circuit chose not to make a final determination at the motion to dismiss stage on the standing of named plaintiffs' to pursue injunctive relief because the plaintiffs' desire "to serve as class representatives complicates matters." *Id.* at *2. The Seventh Circuit's decision to delay ruling was due in part to a concern that granting defendant's request to strike the request for injunctive relief would mean that no plaintiff in this type of suit would ever be able to pursue injunctive relief. In a proposed consumer class action based on fraudulent representations, "at some point each class member will discover that the [product] falls short of what was promised." *Id*. Thus a named plaintiff's request for injunctive relief under such circumstances may qualify for an exception to the mootness doctrine for conduct that is capable of repetition yet evading review. For these reasons, the Court declines to rule on whether Block has standing to pursue injunctive relief until the parties have briefed the issue of class certification.

## Conclusion

For the foregoing reasons, the Court grants Lifeway's motion to dismiss [dkt. no. 22] counts 4 and 5 but otherwise denies the motion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 6, 2017